UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLBIN JEREMIAS REDONDO-LOPEZ, A-216-932-757,<br><br>Petitioner,<br><br>v.<br><br>WARDEN/FACILITY ADMINISTRATOR CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No. 1:26-cv-06069-DC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel. This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent's opposition to the petition is also before the court. (ECF No. 8.) For the reasons set forth below, no more briefing would be beneficial and the petition should be denied.

**I. Background**

Petitioner is a native of Honduras who has been detained by immigration officials since December 15, 2025. (ECF No. 8-1 at 1, 5.) On August 5, 2026, the court determined this case is related to an earlier habeas action filed by petitioner, Case No. 1:26-cv-03802-DC-CKD, and this

case was reassigned accordingly. (ECF No. 5.)

On June 9, 2026, in the earlier, related habeas action filed by petitioner, the court ordered the government to provide petitioner with "a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that his continued immigration detention is justified[.]" See Redondo-Lopez v. Warden, Case No. 1:26-cv-03802-DC-CKD (HC), ECF No. 7 at 4.

In the instant petition filed in the present case on August 3, 2026, petitioner indicates a custody hearing was held on June 28, 2026. (ECF No. 1 at 2.) Petitioner alleges in ground one of the petition that his continued detention has become unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment. (Id. at 6-7.) Petitioner alleges in ground two of the pending petition that his detention classification does not adequately account for his "prior UAC…, ORR release, later ICE re-detention, and years-long community placement." (Id. at 7.) Petitioner did not file an administrative appeal of the IJ's June 28, 2026 bond decision. (Id. at 3.)

In response to the petition, respondent acknowledges the Ninth Circuit has held that 8 U.S.C. § 1226(a) governs petitioner's detention. (ECF No. 8.) Respondent does not otherwise meaningfully address petitioner's claims in the present petition. (Id.) As exhibits to the response, respondent attached petitioner's Form I-213 dated December 15, 2025, a Form I-862 Notice to Appear charging petitioner as present in the United States without being admitted or paroled, and a Notice of Custody Redetermination Hearing. (ECF Nos. 8-1, 8-2, 8-3.)

On September 28, 2026, the undersigned ordered that respondent additionally file the digital audio recording for the hearing ordered by the court in petitioner's related case, No. 1:26-cv-03802-DC-CKD. (ECF No. 9.) Respondent subsequently filed the digital audio recording along with the written order of the IJ denying bond. (ECF Nos. 11, 12, 13.)

On September 29, 2026, petitioner filed a document styled as a notice of non-receipt of respondent's response and request for re-service and extension of time to file a reply/traverse. (ECF No. 10.) As set forth above, respondent's argument in response to the petition does not meaningfully address petitioner's claims in the present petition. Thus, the undersigned does not

rely on any portion of respondent's argument for these findings and recommendations. In addition, the record in petitioner's prior, related habeas action shows respondent already served petitioner with the Form I-213 and Form I-862 Notice to Appear in the prior, related case. See Redondo-Lopez v. Warden, Case No. 1:26-cv-03802-DC-CKD (HC), ECF Nos. 6-1, 6-3. Petitioner also has the Order of the IJ from the June 2026 custody redetermination hearing, which he attached to the pending petition. (ECF No. 1 at 23-29.) No further briefing on the issues raised by the present petition would be beneficial, and petitioner will have an opportunity to object to these findings and recommendations. Considering all these circumstances, the undersigned will recommend petitioner's request for an extension of time to file a traverse be denied as unnecessary.

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." Rose v. Guyer, 961 F.3d 1238, 1246 (9th Cir. 2020) (citation omitted). This includes the authority to review the IJ's decision for an abuse of discretion. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but instead determining whether the IJ "applied the correct legal standard." Id. (citation omitted).

## III. Discussion

The undersigned construes petitioner's second ground for relief in the present petition as seeking the type of relief that would issue for a motion to enforce the court's order in petitioner's prior, related habeas case. Although petitioner alleges the IJ denied custody redetermination "on jurisdictional grounds[,]" (ECF No. 1 at 3), the Order of the Immigration Judge dated June 28,

2026 indicates, instead, the IJ denied bond at that particular hearing based on the finding that petitioner "is a danger to the community should he be released." (ECF No. 13 at 1.)

The court's prior order required the government to provide petitioner with a bond hearing before an IJ at which the government bore the burden of establishing by clear and convincing evidence that, if released, petitioner posed a danger to the community or a flight risk. The record indicates the government complied with that directive.

The IJ's written order contained one inconsistency regarding who bore the burden of proof at the June 2026 hearing, but the court concludes the inconsistency was inadvertent and akin to a typographical error. Notably, the introduction to the IJ's order states "[DHS] has met its burden of proof to demonstrate that the [petitioner's] release presents a danger to other persons or property." (ECF No. 13 at 3.) The conclusion of the written order also indicates the government met its burden of proof. (Id. at 4.) However, the body of the order contains a sentence that states "[petitioner] has failed to meet his burden of proof that his release would not pose a danger to other persons or property." (Id. 3.) The court also consulted the digital audio recording of the hearing (ECF Nos. 11, 12) and concludes the record as a whole shows the IJ applied the correct burden consistent with this court's order.

The record also indicates the IJ correctly applied the clear and convincing standard. The IJ relied on circumstances relating to petitioner's criminal history, including an incident which resulted in petitioner's arrest for driving through a Border Patrol checkpoint at high speed and human smuggling, in connection with which petitioner ultimately pleaded guilty to the offense of failure to possess immigration documents. (ECF No. 13 at 3-4.) The IJ also cited petitioner's 2025 arrest for DUI and felony possession of narcotics for sale, noting the record was unclear as to the disposition of the DUI offense and that the drug charges were dismissed. (Id. at 4-5.)

An IJ has broad discretion to consider a number of factors to determine whether the detainee merits release on bond. In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). Under BIA case law, immigration judges may properly "consider not only the nature of a criminal offense but also the specific circumstances surrounding [the] conduct," Matter of Siniauskas, 27 I&N Dec. 207,

208-09 (BIA 2018), as well as any unfavorable evidence of conduct, "including arrests that did not ultimately result in conviction." Matter of Urena, 25 I&N Dec. 140, 140 (BIA 2009). In regard to criminal history, an IJ "must also consider the recency and severity of the offenses." See Singh v. Holder, 638 F.3d 1196, 1206 (9th Cir. 2011), abrogated on other grounds in Jennings v. Rodriguez, 583 U.S. 281 (2018).

Here, the IJ properly considered petitioner's criminal history, including the recency of his last arrest, and the seriousness of the offenses. Petitioner's disagreement is with how the IJ weighed the evidence, but this court may not second guess the IJ's weighing of the evidence. See Martinez, 124 F.4th at 784.

Petitioner alleges specifically the IJ's decision does not adequately account for his "prior UAC…, ORR release, later ICE re-detention, and years-long community placement." (ECF No. 1 at 7.) Such a complaint about the weighing of specific pieces of evidence and the ultimate conclusion the IJ reached must be presented through the normal immigration appeal process. See, e.g., Valenzuela v. Semaia, Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue."). The IJ's decision denying bond was not an abuse of discretion, and there is no legal basis for the court to find respondent failed to comply with the court's prior order in Case No. 1:26-cv-03802-DC-CKD (HC).

To the extent petitioner claims his detention has become prolonged in the first ground for relief in the present petition, he is not entitled to relief. Petitioner's remedy for prolonged detention during removal proceedings would be a second bond hearing, not release. See Lopez v. Garland, 631 F. Supp. 3d 870, 882-83 (E.D. Cal. 2022). Under the test of Mathews v. Eldridge 424 U.S. 319 (1976), for procedural due process rights, petitioner is not entitled to second bond hearing at this time. See Rodriguez Diaz v. Garland, 53 F. 4th 1189, 1207-10 (9th Cir. 2022). While petitioner has a liberty interest affected by official action, he received a bond hearing less than four months ago, on June 28, 2026. He does not allege any materially changed circumstances have occurred since that hearing. The government has a strong interest in preventing noncitizens

from remaining in United States in violation of its laws. Although petitioner did not file an appeal of his June 2026 bond hearing to the Board of Immigration Appeals, he had an opportunity to do so and the decision to detain him was subject to review. No further process is due at this time.

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas corpus be denied.
2. Petitioner's motion for expedited consideration (ECF No. 2) be denied as moot in light of these findings and recommendations.
3. Petitioner's request for an extension of time to file a reply/traverse (ECF No. 10) be denied as unnecessary.
4. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 redo6069.mte